# SEALED

**BY THE ORDER OF THE COURT**

KENJI M. PRICE #10523
United States Attorney
District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
*Nov 23, 2020*
Michelle Rynne, Clerk of Court

MICHAEL NAMMAR
Assistant U.S. Attorney
Room 6 100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, HI 96850
Telephone: (808) 541 2850
Facsimile: (808) 541 2958
E mail: Michael.Nammar@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN LUM,<br><br>Defendant. | ) MAG. NO. 20-01413 WRP<br>)<br>) CRIMINAL COMPLAINT<br>)<br>)<br>)<br>)<br>)<br>) |

### CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

### COUNT 1

On or about June 10, 2020, within the District of Hawaii, JONATHAN LUM, the defendant, did knowingly and intentionally possess with intent to distribute 5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

I further state that I am a DEA Special Agent and that this Complaint is based upon the facts set forth in the attached "Affidavit in Support of Criminal Complaint", which is attached hereto and incorporated herein by reference.

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Fed. R. Crim. P. 4.1(b)(2), this 23rd day of November, 2020.

TIMOTHY H. NGUYEN
Drug Enforcement Administration

Wes Reber Porter
United States Magistrate Judge

# SEALED

### BY THE ORDER OF THE COURT

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
**Nov 23, 2020**
Michelle Rynne, Clerk of Court

TIMOTHY H. NGUYEN, being duly sworn, deposes and states as follows:

1. On/around June 10, 2020 at approximately 3:15PM, Individual-1 met with a Confidential Source (CS) at a pharmacy parking lot in Honolulu, HI to sell the CS crystal methamphetamine (ICE). The CS was equipped with video and audio recording equipment. At this meeting while inside the CS's vehicle, Individual-1 made a phone call to his associate who he referred to as the "cousin", in which they discuss meeting at a storage unit. Toll analysis of Individual-1's phone later revealed that this phone call was with a phone number known to be used by Jonathan LUM. Individual-1 then instructed the CS to drive to a self-storage parking lot in Honolulu, HI.

2. At approximately 3:32PM, DEA personnel observed the CS's vehicle arrive at the self-storage parking lot. Individual-1 was then observed exiting the CS's vehicle, walking over to meet LUM in LUM's vehicle, then returning to the CS's vehicle. Individual-1 then sold the CS 1 ounce of ICE for $1,200 in serialized funds. Individual-1 then exited the CS's vehicle, returned to LUM's vehicle, then reentered into the CS's vehicle. The CS's vehicle then departed and Individual-1 exited from the vehicle a short distance away.

3. The aforementioned 1 ounce of ICE was then immediately seized by DEA personnel, and field tested which resulted positive for the presence of ICE. DEA laboratory testing confirmed the 1 ounce of ICE contained 26.4 grams of actual methamphetamine.

4. Records from the self-storage business revealed that LUM was a leasing a storage unit at the business during the time of this transaction.

5. On/around September 3, 2020 at approximately 3:12PM, Individual-1 again met with the CS to conduct a 2 ounce transaction of ICE for $2,200 in serialized funds at a pharmacy parking lot in Honolulu, HI. The CS was equipped with audio and video recording equipment. Additionally prior to this meeting, recorded phone calls were made between the CS and Individual-1, in which Individual-1 stated that his "cousin" no longer had a storage unit and will be supplying the ICE.

3

6.    During this transaction, DEA personnel observed Individual-1 enter into the CS's vehicle to conduct the transaction of the aforementioned 2 ounces of ICE. Individual-1 then departed from the meeting and was eventually observed meeting with LUM at a convenience store parking lot in Honolulu, HI.

7.    The aforementioned 2 ounces of ICE was immediately seized by DEA personnel after the transaction and field tested which resulted for the presence of ICE.

8.    Methamphetamine is a Schedule II controlled substance.

FURTHER AFFIANT SAYETH NAUGHT.

DATED: Honolulu, Hawaii, November 23, 2020.

TIMOTHY H. NGUYEN
Drug Enforcement Administration

This Criminal Complaint and Affidavit in support thereof were presented to, approved by, and probable cause to believe that the defendant above-named committed the charged crime found to exist by the undersigned Judicial Officer at __4:05__ __P__ .m. on November 23, 2020.

Sworn to under oath before
me telephonically, and
attestation acknowledged
pursuant to Fed. R. Crim. P.
4.1(b)(2), this 23rd day of
November, 2020.

Wes Reber Porter
United States Magistrate Judge

4